United States District Court
Southern District of Texas
**ENTERED**
September 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RIO HOME CARE, LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-116 |
| § | |
| ALEX M. AZAR, II,[1] *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Defendant Palmetto GBA, LLC ("Palmetto") has filed a "Motion for Entry of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure." (Docket No. 31.) The District Court previously granted Palmetto's motion to dismiss the claims asserted against it by Plaintiff Rio Home Care, LLC ("Rio"). Based on that ruling, Palmetto moves for entry of a final judgment. Neither Rio nor the remaining Defendant, Alex M. Azar, II, Secretary of the U.S. Department of Health and Human Services ("HHS"), has filed an opposition to the motion. For the reasons that follow, the undersigned recommends that Palmetto's motion for entry of final judgment should be granted.

## I. BACKGROUND

This action arises out of Rio's administrative challenge to HHS's determination that Rio had received an overpayment totaling $4,079,073.00 for Medicare coverage of home health care services. In its complaint, Rio seeks judicial review of HHS's adverse decision. (Docket No. 1.) Rio also asserted a claim against Palmetto, an HHS contractor, alleging that Palmetto violated Rio's due process rights during the administrative proceedings.

---

[1] Effective January 29, 2018, Alex M. Azar II replaced Tom Price as the Secretary of the U.S. Department of Health and Human Services ("HHS"). Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Azar "is automatically substituted as a party." FED. R. CIV. P. 25(d).

Palmetto responded to the Complaint by filing a motion to dismiss and supplemental motion to dismiss. (Docket Nos. 17, 19.) Palmetto argued that the District Court lacks subject matter jurisdiction, that HHS is the "real party in interest," and that Palmetto was not the "proper defendant to this suit." (Docket No. 17 at 1.) Rio filed responses to Palmetto's motion to dismiss. (Docket Nos. 18, 20.)

On September 13, 2017, the Court held a hearing to address (among other things) Palmetto's motion to dismiss. As reflected by the minutes from the hearing, after considering the arguments of counsel, "the Court granted [Palmetto's] Motion to Dismiss." (*See* minute entry dated September 13, 2017.) Based on this oral ruling, Palmetto later filed the pending "Motion for Entry of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure." (Docket No. 31.) In its motion, Palmetto "respectfully moves this Court for entry of final judgment" because "there is no just reason for delay in directing entry of final judgment while the rights and liabilities of the other parties remain pending for adjudication." (*Id.* at 1.) As noted, neither of the remaining parties filed a response to the motion.

## II. ANALYSIS

"A final judgment is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Witherspoon v. White*, 111 F.3d 399, 401 (5th Cir. 1997) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). However, "a decision failing to adjudicate the rights and liabilities of all parties, while not technically final, can be certified as final pursuant to Federal Rule of Civil Procedure 54(b)." *Witherspoon*, 111 F.3d at 402. Rule 54(b) provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties.

2

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, **the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.** Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (emphasis added). "Until the district court makes an express determination that no just reason for delay exists and expressly directs entry of judgment, finality will not attach to an order that disposes of some but not all of the defendants." *Witherspoon*, 111 F.3d at 402-03.

"Rule 54(b) assigns to the district court the duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). The determination of whether there is no just reason for delay lies within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In exercising that discretion, the district court should consider "whether the claims under review were separable from others remaining to be adjudicated and whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Here, as Palmetto points out, "the dismissal of Palmetto is the final disposition of the claims brought by Rio against it." (Docket No. 31, at 4.) The only remaining claims in this civil action "relate to judicial review under the Medicare Act" of HHS's administrative decision

regarding the Medicare overpayment assessed against Rio.[2]  (*Id.*)  As such, it appears that the previously-dismissed claims against Palmetto are separable from the remaining claims and that there is no just reason to delay entering judgment as to the claims against Palmetto.  It also appears that doing so will not cause an appellate court to decide the same issues more than once.  Significantly, neither Rio nor HHS has objected to or otherwise responded to Palmetto's motion, which may "be taken as a representation of no opposition."  LR 7.4.

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Palmetto's "Motion for Entry of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure" (Docket No. 31) be **GRANTED** and that a partial final judgment be entered as to Palmetto.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to the parties who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on September 12, 2018.

*Peter E. Ormsby*
Peter E. Ormsby
United States Magistrate Judge

---

[2] Rio and HHS have filed cross motions for summary judgment.  (Docket Nos. 36, 39.)  Those motions have now been fully briefed and are under consideration.  The undersigned will prepare a report and recommendation addressing the issues raised by those motions.